UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-60163-Civ-COOKE

PAULA JO KUNSMAN,

    Appellant,

vs.

JOEL WALL,

    Appellee.

_____/

## ORDER ON BANKRUPTCY APPEAL

THIS MATTER is before me on bankruptcy appeal from *Kunsman v. Weiner*, No. 15-18660 (Bankr. S.D. Fla.). I have jurisdiction under 29 U.S.C. § 1334(a).

## BACKGROUND

On January 19, 2016, United States Bankruptcy Judge Raymond B. Ray entered an Order Denying Confirmation of [Appellant Paula Jo Kunsman's] Fourteenth Amended Plan and Dismissing Case. (ECF No. 2-1). Kunsman filed her Notice of Appeal of Judge Ray's Order on January 27, 2015. (ECF No. 1). Judge Ray dismissed Kunsman's appeal on February 16, 2016 for failure timely to file the designation of the items for the record or her statement of the issues. (ECF No. 5). She then filed two more notices of appeal which were assigned to Judge Cohn and Judge Bloom. *See* Case Nos. 16-60355-Cohn and 16-60354-Bloom. On October 19, 2016, Judge Cohn reversed dismissal of Kunsman's appeal, permitting her to proceed before this Court. Kunsman thereafter filed a Motion to Reopen Appeal in this case (ECF No. 23), which I granted (ECF No. 27).

## STANDARD OF REVIEW

The Eleventh Circuit addressed the standard of review applicable to an appeal from the bankruptcy court in *In re Holywell*, 913 F.2d 873, 879 (11th Cir. 1990) (citations omitted):

> We note at the outset that we must affirm the factual findings of the bankruptcy court unless they are clearly erroneous. The test for this court, as well as for the district court, is "not whether a different conclusion from the evidence would be appropriate, but whether there is sufficient evidence in the record to prevent clear error in the trial

judge's findings." Conclusions of law, however, are subject to *de novo* review.

*See also* Fed. R. Bankr. P. 8013.[1]

A district court may not casually circumvent the clearly erroneous standard. The only time a district court should determine a bankruptcy judge's factual findings to be clearly erroneous is only when it, on the entire record, is left with a definite and firm conviction that a mistake has been made. *See Acquisition Corp. of Am. V. Fed. Sav. & Loan Ins. Corp.*, 96 B.R. 380, 382 (S.D. Fla. 1988). As the Seventh Circuit has written:

> Once a [factual] determination is made, the district court in review may only accept such findings or reject them as 'clearly erroneous;' the district court may not accept findings of the bankruptcy court and then go on to make additional findings having the effect of contradicting the conclusions of the bankruptcy court.

*In re Neis*, 723 F.2d 584, 589 (7th Cir. 1983).

## DISCUSSION

Kunsman's argues Judge Ray made several errors of fact and/or law that justify reversal of his Order. I disagree. I have reviewed Kunsman's Bankruptcy Petition and Judge Ray's Order, and conducted a *de novo* review of Judge Ray's legal analysis. I concur with his legal conclusions and, with respect to his factual findings, am not persuaded he made any clear mistakes. Accordingly, it is **ORDERED and ADJUDGED** that this appeal is **DIMISSED** *with prejudice*. The Clerk is directed to **CLOSE** this case. All pending motions, if any, are **DENIED** *as moot*.

---

[1] Bankruptcy Rule 8013 provides:

> On appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.

**DONE and ORDERED** in chambers, at Miami, Florida, this 22nd day of January 2018.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Honorable Raymond B. Ray, U.S. Bankruptcy Judge*

*Counsel of Record*

*Paula Jo Kunsman*, pro se
20 SE 7th Street
Pompano Beach, FL 33060